**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| DANNY LEE | PLAINTIFF |
| V.                   4:07CV00454JMM | |
| NUCOR CORPORATION and NUCOR-YAMATO STEEL COMPANY, L.P. | DEFENDANTS |

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**

Pending is the Defendants' Motion to Transfer Venue to the Jonesboro Division. The Plaintiff has objected to the motion.

Section 1404(a) of Title 28 governs the ability of a federal district court to transfer a case to another district. This provision reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1994). The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Id.* A district court's evaluation of a transfer motion is not limited to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors. *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 ( 8th Cir. 1997)(citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243-44, 101 L.Ed.2d 22 (1988); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995); 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3847, at 370 (2d ed.1986)). As the Supreme Court explained, "[a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart*, 487 U.S. at

29, 108 S.Ct. at 2244.

Defendants ask the Court to transfer this case to Jonesboro because the events giving rise to the litigation, the parties, witnesses and documents are located entirely in the counties comprising the Jonesboro Division.  Defendants request this transfer for the convenience of the parties and the witnesses.  Plaintiff contends that the forum is not inconvenient for the parties because discovery will not need to be extensive and the distance between Little Rock and Jonesboro is minimal for witnesses.  Plaintiff further argues that Plaintiff may not receive a fair trial in Jonesboro because of the potential bias the venire may have against "black plaintiffs who challenge Nucor's racial practices there."  (Pl's Opposition to Defs' Motion to Transfer Venue, at p. 5).

After concluding a similar trial in the Jonesboro Division recently, the Court is well acquainted with the obstacles and inconveniences placed upon Nucor and the witnesses involved in such a trial.  Many of the witnesses necessary in an employment discrimination trial against Nucor are Nucor employees.  As noted by Defendant's General Manager and Vice President in his affidavit, this presents substantial difficulty in scheduling employees for shifts at the Nucor facility in Blytheville. (Def's Ex. A).  The absence of several employees for an entire day or more could potentially shut the Defendant's operations down or, at a minimum, place an unnecessary burden on Nucor's remaining employees.  Further, the vast majority of the witnesses who are not employed by Nucor will most likely be from the Blytheville-Jonesboro area.  While the Court has found in other cases that travel between the Jonesboro area and Little Rock is not determinative in a motion to transfer because "the divisions are separated by little more than two hours of travel by interstate," under the circumstances of this case, two hours of travel to Little Rock and two hours of travel from Little Rock is unnecessarily burdensome when

the majority of the witnesses are Nucor employees from the Blytheville-Jonesboro area. In fact, the Plaintiff has not identified any potential witness who does not reside in the Blytheville-Jonesboro area, including the Plaintiff. Therefore, the Jonesboro division appears to be more convenient for all of the parties.

The Court is sensitive to the issue presented by Plaintiff regarding racial bias of the jury pool in the Jonesboro Division. "The United States District Court for the Eastern District of Arkansas has adopted a plan for the random selection of petit jurors from voter registration lists of all counties in the respective division. . . . The use of voter registration lists to select jury pools, has consistently been approved by this Circuit." *Bell v. American Greetings Corp.*, No. 3:04CV00303WRW, (E.D.Ark. filed Aug. 31, 2004), slip op. at 2. The Eighth Circuit has further instructed on the issue. "The mere fact that one identifiable group of individuals votes in a lower proportion than the rest of the population does not make a jury selection system illegal or unconstitutional." *Floyd v. Garrison*, 966 F.2d 947, 949 (8th Cir. 1993)(quoting *U.S. v. Clifford,* 640 F.2d 150, 156 (8th Cir. 1981)). "Absent proof that obstacles are placed in the path of blacks attempting to register to vote, voter registration lists may be used as the sole source for selecting jury pools." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 997 (8th Cir. 2001). Plaintiff has presented no proof of obstacles placed in the path of African Americans attempting to register to vote in this district.

For these reasons, the Court finds that it is in the interest of justice, the parties, and the witnesses to transfer this case to the Jonesboro Division.

## Conclusion

Defendants' Motion to Transfer Venue to the Jonesboro Division (Docket # 11) is GRANTED.

IT IS SO ORDERED this 24th day of July 2007.

                                                _____
                                                James M. Moody
                                                United States District Judge