# EXHIBIT 2

# ALANIZ & SCHRAEDER, LLP
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

2500 CITYWEST BOULEVARD ♦ SUITE 1000 ♦ HOUSTON, TEXAS ♦ 77042

T: (281)833-2200        WWW.ALANIZ-SCHRAEDER.COM        F: (281)833-2240

JOSEPH "TREY" L. WOOD, III
Board Certified—Labor and Employment Law
Texas Board of Legal Specialization

July 11, 2008

Susan Donahue                                              *via Electronic Mail*
Wiggins, Childs, Quinn & Pantazis, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

    Re:    *Danny Lee v. Nucor Yamato Steel Company, LLP & Nucor Corporation;* 4-07-CV-00000454; In the United States District Court, Eastern District of Arkansas, Western Division.

Dear Susan:

    I am in receipt of your Notice of 30(b)(6) Deposition and am surprised at its breadth given the fact that it was forwarded to us without any previous discussion only four weeks prior to the discovery cut-off and *after* the fact that you have already taken the deposition of Joe Stratman. Given his role as a corporate representative in other matters pertaining to NYS, you must have known at the time you noticed his deposition in this case that he would also have been a likely corporate designee on some of the topics listed. Additionally, based on the breadth of topics listed in your notices of corporate representatives of the facility, there is no single person who would be able to testify about all of the issues at the facility. Instead, multiple witnesses would be needed to testify.

    This case is significantly different than the *Bennett* case inasmuch it focuses on only one employee working within the Maintenance Department. Accordingly, we believe that the topics you have listed are much too broad to be considered relevant with respect to Mr. Lee's claims and we are not prepared to present all of the witnesses who would be needed to cover those topics. Additionally, given the time and expense both parties endured in taking the deposition of Mr. Stratman, we will not produce him for a second deposition on those matters that he is most qualified to give testimony on.

    To the extent matter numbers 1,2,3,4,5 and 7 are limited to the Maintenance Department of NYS, Mr. Rick Ramsdell is designated as the corporate representative. Also, I believe that Mr. Stratman has already given testimony in this case, as well as the *Bennett* case, that meet the criteria listed in item nos. 1–7. In any event, we would be willing to allow you to issue a deposition on written questions to Mr. Stratman to cover

749-161

any other questions that you do not feel were addressed during his deposition taken on June 5, 2008. However, we will oppose any attempts by you to broaden the scope of your 30(b)(6) Notice to include other witnesses who necessarily be needed to testify given the over-broad nature of your requests.

Please let me know your position on these matters as soon as possible so that the appropriate measures may be taken.

                Very truly yours,

                Joseph (Trey) L. Wood, III

749-161