IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DANNY LEE                                                               PLAINTIFF

v.                      CASE NO. 3:07CV00098 BSM

NUCOR-YAMATO STEEL COMPANY LLP
and NUCOR CORPORATION                                       DEFENDANTS

## **ORDER**

Pending before the court are defendants's Motion To Quash And For Protective Order On Plaintiff's Rule 30(b)6) Deposition Notice And Motion For Costs [Doc. #23] and plaintiff's response. Along with his response to defendants' motion to quash and for protective order, plaintiff contemporaneously filed a Motion To Compel Rule 30(b)(6) Witness [Doc. #28]. Defendants have since filed a Motion For Extension Of Time To File Response/Reply [Doc. #30] to plaintiff's motion to compel and a Motion For Oral Hearing [Doc. #32] on its motion to quash and for protective order.

*I. Background Facts*

In addition to this case, defendants and their legal counsel are defending two other unrelated cases in the Eastern District of Arkansas. The first, *Cornelius Bennett et al. v. Nucor Corporation and Nucor-Yamato Steel Co.*, Case No. 3:04cv00291 (*Bennett*), is before District Judge Susan Webber-Wright and involves six current and former employees from the Roll Mill Department at defendants' steel mill facility in Blytheville, Arkansas. Discovery in the *Bennett* case ended on May 19, 2006. Plaintiff, in the present case, signed

two affidavits in the *Bennett* case. The first one supported a failed attempt for class certification and the second one was filed in opposition to defendants' motion for summary judgment. The second case pending against defendants in the Eastern District of Arkansas is *Clifton Lee v. Nucor Corporation and Nucor-Yamato Steel Co.*, Case No. 4:07cv00455 (*Clifton Lee* case). The plaintiff in the *Clifton Lee* case, which is set for trial in this court on April 13, 2009, is plaintiff's brother. Discovery in the *Clifton Lee* case ended on June 6, 2008. Plaintiff works in the maintenance department at defendants' steel mill facility in Blytheville, Arkansas. On April 30, 2007, plaintiff filed a complaint against defendants alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Discovery for this case ended on August 1, 2008.

On July 1, 2008, plaintiff's counsel sent defendants' counsel a Notice of Rule 30(b)(6) Deposition seeking to depose defendants' corporate representative regarding the following matters:

> 1. The policies, practices, procedures, processes, customs, rules and/or regulations utilized by the defendants in informing employees of their racial harassment policy at Nucor-Yamato Steel.
>
> 2. The policies, practices, procedures, processes, customs, rules and/or regulations utilized by the defendants in investigating complaints of racial harassment by their employees at Nucor-Yamato Steel.
>
> 3. Any and all investigations conducted for each and every incident of racial harassment and discrimination reported by the plaintiff whether that report was formally made pursuant to any procedure, policy, practice custom, rules and/or regulations or not, including the outcomes of those investigations.

> 4. Any and all investigations conducted for each and every incident of racial harassment and discrimination reported by employees at Nucor-Yamato Steel other than the plaintiff whether those reports were formally made pursuant to any procedure, policy, practice, custom, rules and/or regulations or not, including the outcomes of those investigations.
>
> 5. Information as to the knowledge of Danny Lee's complaints of racial harassment and discrimination, any investigations into those complaints and any outcomes of those investigations which is held by Joe Stratman, Keith Prevost, Rick Ramsdell, Sigmund Penkunas, Rick Smith, Jerry Vasser, Donnie Crumb, Jackie Fowler, David Powers, Kent Merritt, Erlwin Daniel, Lonnie Patillo, Bernice Gray, Bud Parker, Scott Carter, Tony Hollis, Ross Thompson, Albert Wright, Lia Erin, Dennis Woody, Steve Broche, John Bennett, and Lee Ketchum.
>
> 6. Any and all investigations conducted as a result of information pertaining to racial discrimination and harassment contained in statements taken by Nucor-Yamato's attorneys of African-American employees in 2003 and incorporated into affidavits signed by those employees.
>
> 7. Any and all training provided to employees, supervisor and hourly, regarding racial discrimination and harassment.

Defendants objected to the 30(b)(6) notice, stating that multiple witnesses would be needed to testify to the overly broad topics identified in the notice. Defendants offered to have Rick Ramsdell, who was scheduled to be deposed as a fact witness, deposed as a 30(b)(6) witness on topics 1-5 and topic 7, with the caveat that Mr. Ramsdell's testimony be limited only to the Maintenance Department.

Plaintiff disagreed with the proposed limitations and in a letter dated July 16, 2008, plaintiff's counsel wrote that she would not "retread ground already covered by discovery in the Bennett and Clifton Lee [cases]." Plaintiff's counsel explained that she wanted "to

ascertain the state of the evidence since the depositions were taken in those cases and to ask questions that specifically related to Danny Lee or that were not addressed in either of the other cases."

## II.  Discussion

A district court's grant or denial of a motion to quash is discretionary.  *See Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, *729 (8th Cir. 2002); *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, *925 (8th Cir. 1999).  When considering a motion to quash, the district court has a range of choices before it, and its decision will not be disturbed as long as it stays within that range, is not influenced by any mistake of law or fact, or makes a clear error of judgment in balancing relevant factors. *Pamida*, 281 F.3d at *729; *Miscellaneous Docket Matter No. 1*, 197 F.3d at *925.

Rule 30(b)(6) provides:

Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Pursuant to Rule 30(b)(6), when a party seeking to depose a corporation sets forth the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject.  *Reilly v. NatWest Market Groups, Inc.*, 181 F.3d 253, *268 (2d Cir. 1999).  To

satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable, and binding answers on its behalf. *Id*. The effectiveness of the Rule bears heavily upon the parties' reciprocal obligations. *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, *539-40 (D. Minn. 2003); *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, *638 (D. Minn. 2000). Thus, the requesting party must reasonably particularize the subjects about which it wishes to inquire and the responding party is obligated to produce a deponent who has been suitably prepared to respond to questioning within the scope of inquiry. *Dwelly*, 214 F.R.D. at *540; *Prokosch*, 193 F.R.D. at *638.

Defendants' objections to plaintiff's Rule 30(b)(6) Notice are an attempt to define the scope of plaintiff's discovery. As a general rule, parties may obtain discovery regarding any matter, not privileged, so long as it is "relevant to the subject matter involved in the pending action." *See McGowan v. Gen. Dynamics Corp.*, 794 F.2d 361, *363 (8th Cir. 1986); *U.S. v. Karlen*, 645 F.2d 635, *641 (8th Cir. 1981); Fed. R. Civ. P. 26(b). The phrase "relevant to the subject matter involved in the pending action" has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, an issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, *351 (1978). The scope of discovery is not limited to the issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. *Id*. Nor is the scope of discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during

5

litigation that are not related to the merits. *Id*. There are, however, boundaries to the scope of discovery. *See id.* The scope of discovery does not extend to matters not reasonably calculated to lead to the discovery of admissible evidence. *Id*.

After careful review, the court rules as follows:

1) The topics in plaintiff's Rule 30(b)(6) notice are reasonably calculated to lead to the discovery of admissible evidence and the defendants' motion to quash the plaintiff's Rule 30(b)(6) Notice [Doc. #23] is denied.

2) Nothing before the court indicates that the information sought by plaintiff in the Rule 30(b)(6) depositions, or in any of its other discovery requests, concerns trade secrets or any other highly confidential matters which should be held from the public record and, therefore, defendants' motion for protective order [Doc. #23] is denied.

3) Defendants' motion for cost [Doc. #23] is denied.

4) Defendants' motion for a hearing [Doc. #32] is denied.

5) Plaintiff's motion to compel [Doc. #28] is granted. Defendants are ordered to make available to plaintiff a witness or witnesses who will be able to give complete, knowledgeable, and binding answers to the topics outlined in the Notice of Rule 30(b)(6) Deposition.

6) Defendants' motion for extension of time to file a response to plaintiff's motion to compel [Doc. 30] is denied.

IT IS SO ORDERED this 25th day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE