# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**DANNY LEE**                                                                                              **PLAINTIFF**

v.                            **CASE NO. 3:07CV00098 BSM**

**NUCOR-YAMATO STEEL COMPANY LP**                                         **DEFENDANTS**
**and NUCOR CORPORATION**

## ORDER

As addressed in the April 4, 2013, pretrial conference, the rulings on the parties' motions in limine [Doc. Nos. 120, 122, 124, 131-135, 137, 145-148, and 153-156] are as follows:

A.   Defendants' Motions in Limine

1.   Defendants' motion in limine to exclude reference to acts of harassment that occurred prior to the 1991 amendments to Title VII and 42 U.S.C. Section 1981 [Doc. No. 120] is denied. Defendants may re-raise their objection, though, if there is no evidence that acts of harassment which occurred prior to the 1991 amendments continued to occur after those amendments.

2.   Defendants' motion in limine to limit and/or define the scope of plaintiff's hostile work environment claim [Doc. No. 122] is denied.

3.   Defendants' motion in limine to exclude evidence regarding the *Bennett* jury verdict [Doc. No. 124] is granted. The motion is denied, however, to the extent it seeks to exclude *Bennett* witness testimony.

4.   Defendants' motion in limine to exclude reference during opening statement

to exaggerated facts or facts that will not be in evidence [Doc. No. 131] is denied.

   5. Defendants' motion in limine to exclude reference to KKK activity in or near Blytheville, Arkansas [Doc. No. 132] is granted.

   6. Defendants' motion in limine to exclude non-party affidavits [Doc. No. 133] is granted.  Some of this evidence may become admissible during trial, though, if it relates to motive.

   7. Defendants' motion in limine to exclude affidavits and/or declarations of plaintiff and other testifying witnesses [Doc. No. 134] is denied.  The admissibility of this evidence is more properly determinable at trial.

   8. Defendants' motion in limine to exclude exhibits or reference to statistical and demographic evidence of defendants' workforce and surrounding community and allegations of racial segregation [Doc. No. 135] is granted in part and denied in part.  The motion is granted as to exhibits or reference to statistical and demographic evidence of the general workforce and surrounding community.  Such evidence is admissible, however, to the extent that it concerns the statistical and demographic makeup of the workforce in areas at Nucor where plaintiff was assigned.  The motion is denied as to allegations of racial segregation.

   9. Defendants' motion in limine to exclude pleadings, motions, opinions, orders, transcripts, and discovery from other lawsuits and actions of non-parties [Doc. No. 137] is denied at this time.  The admissibility of these documents will depend on how plaintiff intends to use them at trial.

10. Defendants' motion in limine to preclude speaking objections and argument in the presence of the jury [Doc. No. 145] is granted. The attorneys are instructed to argue their objections at the bench.

11. Defendants' motion in limine to exclude evidence of defendants' financial and salary information [Doc. No. 146] is granted. Should that information become relevant at trial, plaintiff may re-argue for its admissibility.

12. Defendants' motion in limine to exclude and/or limit the introduction of "me too" evidence [Doc. No. 147] is denied.

13. Defendants' motion in limine on general evidentiary matters [Doc. No. 148] is granted in part and denied in part. The motion is granted as to defendants' request to exclude evidence of or reference to:

   (A) accidents, injuries, or deaths that have occurred at any Nucor facility;

   (B) the presence or absence of a union at any of defendants' or related entities' facilities;

   (C) the alleged criminal history of any defendants' witnesses, managers, supervisors, or expert witnesses, unless that information becomes relevant at trial or is admissible for impeachment;

   (D) the failure of defendants to provide expert testimony or defendants' decision to rescind designation of any expert witness;

   (E) the fact that this or any other motion in limine was filed, that defendants attempted to exclude any evidence pursuant to a motion in limine, and/or that any evidence was in fact excluded

        pursuant to a motion in limine;

(F)    evidence concerning insurance and/or attorney's fees;

(G)    evidence relating to claims of plaintiff and witnesses already disposed of in this and other prior or pending suits;

(H)    reference to specific acts of discrimination asserted by plaintiff or witnesses that were not raise in plaintiff's EEOC Charge(s) of Discrimination;

(I)    reference to any settlement discussions or any offer of settlement which has or has not been made;

(J)    evidence, allegations, inferences, and/or testimony that defendants destroyed or concealed documents;

(K)    reference or evidence related to any and all discovery disputes, including assertions of privilege and superseded responses; and

(L)    limitation on questions if jury panel contains former claimant(s) against defendant or relative(s) of former claimant(s).

The motion is denied as to defendants' request to exclude evidence or reference to: (A) the failure of defendants' to call a particular witness; (B) allegations of discrimination and/or harassment based on rumor or innuendo in opening or closing statements and witness examination without corroboration of a first hand witness; and (C) the effect of any answer to a jury question.

    14.    Defendants' motion in limine to exclude plaintiff's exhibit relating to Mercer Surveys [Doc. No. 153] is granted.

B.    <u>Plaintiff's Motions in Limine</u>

    15.    Plaintiff's motion in limine to preclude undisclosed witnesses [Doc. No. 154]

is denied.

16.     Plaintiff's motion in limine to preclude unproduced documents [Doc. No. 155] is denied.

17.     Plaintiff's motion in limine relating to additional evidentiary matters [Doc. No. 156] is granted as to plaintiff's request to exclude evidence relating to any criminal history of witnesses as it appears there is no such evidence. The motion is denied as to plaintiff's request to exclude evidence of events occurring after February 27, 2009, attacks on the events forming the basis of the *Bennett* verdict, and plaintiff's employment history prior to when he began working at Nucor.  A ruling on the admissibility of alleged statements relating to workplace violence is withheld pending stipulation by the parties.

IT IS SO ORDERED this 8th day of April 2013.

_____
UNITED STATES DISTRICT JUDGE